**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

| | | |
|---|---|---|
| **SUSAN J. KOEHLER,** *EXECUTRIX OF THE,* | : | |
| *ESTATE OF PHILIP J. KOEHLER, JR.,* | : | |
| *DECEASED, INDIVIDUALLY AND ON BEHALF* | : | **CIVIL ACTION** |
| *OF A CLASS OF SIMILARLY SITUATED PERSONS,* | : | |
| | : | |
| *Plaintiff,* | : | |
| **v.** | : | **No. 19-715** |
| | : | |
| **USAA CASUALTY INSURANCE COMPANY,** | : | |
| | : | |
| *Defendant.* | : | |

_____ :

Goldberg, J.                                                                    September 16, 2019

## <u>MEMORANDUM OPINION</u>

Currently before me in this putative class action is a narrow procedural question: should I decide a motion for partial summary judgment brought by Plaintiff on her individual claim *before* she has obtained—or even moved for—class certification? Defendant contends that I should not consider Plaintiff's motion, as that would be inconsistent with the policy under Federal Rule of Civil Procedure 23 that class certification be determined "[a]t an early practicable time"—the policy against so-called "one-way intervention."

For the reasons set out below, I agree with Defendant, and will deny Plaintiff's motion for partial summary judgment without prejudice pending class certification.

## I.      <u>FACTUAL & PROCEDURAL BACKGROUND</u>[1]

Plaintiff's general allegation in this putative class action is that Defendant, USAA Casualty Insurance Company, has improperly denied uninsured and underinsured motorist benefits to its

---

[1] The following facts are derived from Plaintiff's Class Action Complaint.

insureds based on a type of policy exclusion recently declared invalid by the Pennsylvania Supreme Court.

The named Plaintiff in this action, Susan Koehler, is the executrix of the estate of her late husband, Philip Koehler, who died from injuries he suffered in a 2015 automobile accident. Following the accident, Plaintiff made a claim to the negligent driver's insurer, Encompass, which settled for the policy's limit. (Compl. ¶¶ 2, 6–18.)

Plaintiff then sought underinsured motorist coverage from Mr. Koehler's own insurers. First, Plaintiff sought coverage from Progressive, which had issued Mr. Koehler a policy providing coverage for the motorcycle he was driving at the time of the accident. Like the negligent driver's insurer, Progressive settled this claim for the policy's limit. (Compl. ¶¶ 19–21.)

Plaintiff then turned to Defendant, which had issued Mr. Koehler a policy providing him with "stacked" underinsured motorist coverage for three vehicles—none of which was the motorcycle he was driving at the time of the accident. However, under Pennsylvania's Motor Vehicle Financial Responsibility Law ("the Motor Vehicle Law"), when an insured obtains "stacked" underinsured motorist coverage, the insured can recover up to the "sum of the limits for *each motor vehicle* as to which the injured person is an insured," regardless of whether those vehicles are insured under the policy. 75 Pa. C.S.A. § 1738(a) (emphasis added). In other words, stacked coverage allows an insured to combine—or "stack"—the coverage limits for different vehicles for which he is insured, even if those vehicles are covered under different policies. See generally Gallagher v. GEICO Indem. Co., 201 A.3d 131, 132 n.1 (Pa. 2019) ("'Stacking' refers to the practice of combining the insurance coverage of individual vehicles to increase the amount of total coverage available to an insured."); Craley v. State Farm Fire & Cas. Co., 895 A.2d 530,

532 (Pa. 2006) (discussing "inter-policy stacking, the stacking of benefits provided by two or more policies"). (Compl. ¶¶ 26–32, 42–43.)

While the policy that Defendant issued to Mr. Koehler provides for stacked coverage, it also includes a "household exclusion," which excludes injuries "sustained . . . while occupying . . . a motor vehicle owned by [the insured or a family member of the insured] which is not insured for [underinsured motorist coverage] under this policy." Citing this household exclusion, Defendant denied Plaintiff's claim in December 2015. Presumably, Defendant did so because Mr. Koehler was driving the motorcycle listed in the policy issued by Progressive, and not one of the three vehicles listed in the policy issued by Defendant. If that motorcycle was owned by Mr. Koehler or a member of his family, the household exclusion in Defendant's policy would—at least in 2015—have applied to exclude coverage. (Compl. ¶¶ 35–36, 47–49.)

But in January 2019—four years after Defendant denied Plaintiff's claim—the Pennsylvania Supreme Court issued a decision declaring invalid a household exclusion in a policy issued by another insurer, GEICO, which is similar to the household exclusion at issue here. See Gallagher, 201 A.3d at 132. The court reasoned that the household exclusion "acts as a *de facto* waiver of stacked . . . underinsured motorist . . . coverages," without requiring an insured to sign the waiver form prescribed by the Motor Vehicle Law. Id. at 132, 137.

One month after the Gallagher decision, Plaintiff brought this putative class action for breach of contract in the Philadelphia Court of Common Pleas. Plaintiff's Class Action Complaint seeks a declaration of coverage and monetary damages, both individually and on behalf of other insureds who have, since 1990, been denied stacked uninsured or underinsured motorist benefits on the basis of the household exclusion in Defendant's policy.[2]

---

[2] Specifically, the Class Action Complaint defines the class as follows:

Defendant removed the action to this Court and filed an answer, after which I scheduled a Rule 16 Scheduling Conference. In preparation for that conference, the parties submitted a discovery plan, which proposed that the parties would agree to bifurcate discovery, "with discovery relating to class certification and Plaintiff's individual claim to be completed first, and any remaining discovery to be considered after the Court rules on class certification." The parties further proposed deadlines for, among other things, the close of class discovery, the filing of Plaintiff's class certification motion, and the filing of Defendant's opposition to class certification, "as well as any motion for summary judgment directed to Plaintiff's individual claims." The proposed deadline for filing any such motion for summary judgment was "90 days after the filing of Plaintiff's Motion for Class Certification." (Joint Report of Rule 26(f) Meeting and Proposed Discovery Plan 5–8.)

After the parties submitted their proposed discovery plan, but before the Rule 16 Conference was held, Plaintiff moved for partial summary judgment, solely on her individual claim for declaratory relief. Rather than respond to the substance of that motion, Defendant has moved to strike or stay consideration of it, pending a decision on class certification.

---

[P]ersons injured in motor vehicle accidents from 1990 to the present as a result of the negligence of an uninsured and/or underinsured motorist who were insureds under Automobile Policies providing uninsured and/or underinsured motorist coverage in accordance with the [Motor Vehicle] Law and where: (a) the named insured elected stacked uninsured and underinsured motorist coverage; (b) the named insured paid an additional premium for stacked underinsured motorist coverage; (c) a claim was made for recovery of uninsured and/or underinsured motorist coverage under the policy; (d) the claim for recovery of uninsured or underinsured motorist benefits was denied by reason of the household exclusion; and (e) inter-policy stacking of underinsured motorist benefits was denied to an otherwise eligible claimant by reason of the household exclusion where, nonetheless, the named insured had elected and paid for stacked uninsured and/or underinsured motorist coverage under the policy.

(Compl. ¶ 64.)

Defendant argues that deciding Plaintiff's motion for partial summary judgment before Plaintiff has obtained (or even moved for) class certification "violates the well-established rule against one-way intervention." (Def.'s Mot. to Strike 1.) That rule was the impetus for Rule 23's requirement that a court determine whether to certify a class action "[a]t an early practicable time after a person sues." Fed. R. Civ. P. 23(c)(1)(A). Plaintiff responds that this language in Rule 23 is flexible and permits a district court to consider a summary judgment motion on the merits before class certification, just as a court may consider a motion to dismiss for failure to state a claim under Rule 12(b)(6) at the outset of the litigation.

For the reasons discussed below, I agree with Defendant that Plaintiff's partial summary judgment motion should not be decided before class certification.

## II. __DISCUSSION__

Federal Rule of Civil Procedure 23(c)(1)(A) provides that, "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." In interpreting "an early practicable time," I must decide whether that phrase precludes (or, at least, discourages) a court from deciding a motion that reaches the merits of the litigation before certification. Answering this question requires an understanding of the history of Rule 23(c)(1)(A)'s timing requirement.

### A. __History of Rule 23's Timing Requirement__

"Prior to 1966, Rule 23 contained no direction about the time of the class-certification determination." 7AA Charles Alan Wright, et al., Federal Practice and Procedure § 1785.3 (3d ed. 2005). The 1966 Amendments to Rule 23 changed that, requiring a district court to make the determination "as soon as practicable after the commencement of [the] action." Id. The United States Supreme Court has noted that this language was added to address "a recurrent source of

5

abuse" springing from the fact that, until a class is certified, absent members of the class are not bound by a ruling on the merits—whereas, by contrast, the party opposing the class (typically, the defendant) is bound from the outset. Am. Pipe & Const. Co. v. Utah, 414 U.S. 538, 545–47 (1974). As the Court explained in American Pipe, without an early certification decision:

> members of the claimed class could in some situations await developments in the trial or even final judgment on the merits in order to determine whether participation would be favorable to their interests. If the evidence at the trial made their prospective position as actual class members appear weak, or if a judgment precluded the possibility of a favorable determination, such putative members of the class who chose not to intervene or join as parties would not be bound by the judgment. This situation—the potential for so-called "one-way intervention"— aroused considerable criticism upon the ground that it was unfair to allow members of a class to benefit from a favorable judgment without subjecting themselves to the binding effect of an unfavorable one.

Id. at 547. Thus, the rationale for Rule 23's requirement that certification be determined early in the case was to avoid the potential for one-way intervention, and "to assure that members of the class [are] identified before trial on the merits and [are] bound by all subsequent orders and judgments." Id.

In a case decided the same year as American Pipe, the United States Court of Appeals for the Third Circuit also recognized one-way intervention as a concern that the 1966 Amendments sought to eliminate. See Katz v. Carte Blanche Corp., 496 F.2d 747, 758–59 (3d Cir. 1974) (explaining that, before the 1966 Amendments, "[m]any commentators [had] objected that one-way intervention had the effect of giving collateral estoppel effect to the judgment of liability in a case where the estoppel was not mutual" and noting that the 1966 Amendments reflected the view that "class members should be brought in [to the case] *prior to the determination of the defendant's liability*, thus making the estoppel mutual" (emphasis added)).

Importantly, the Third Circuit also recognized that Rule 23's requirement of early certification is for the protection of the defendant, because the defendant is bound by any pre-

certification merits ruling, while the absent plaintiff class members are not. Id. at 762. Because the requirement is for the protection of the defendant, it may be waived by a defendant who agrees to a pre-certification merits ruling.[3] Id. But where the defendant does *not* agree to waive that protection, that defendant is "entitled" to an early ruling on class certification:

> *If a class action defendant insists upon early class action determination and notice, he is, under the rule, entitled to it.* But where he . . . is willing to run the risk that the determination of liability, if he loses, will [(following the subsequent class certification)] be given effect in favor of the class, . . . the district court must seriously consider that alternative . . . . A defendant taking such a position . . . would lose . . . the collateral estoppel effect against the class of a favorable judgment on liability.

Id. (emphasis added).

Notwithstanding the Third Circuit's recognition in Katz that a defendant can waive his protection against one-way intervention and agree to a pre-certification merits ruling, until 2003 the text of Rule 23 was quite strict, mandating that a district court decide whether to certify a class action "as soon as practicable after the commencement of [the] action." Id. at 758. In 2003, this language in Rule 23(c)(1)(A) was amended to its current form, providing—more flexibly—that certification be determined "at an early practicable time." As the Advisory Committee's Note on the 2003 Amendments explains, this change was made to reflect the "many valid reasons that may justify deferring the initial certification decision." Fed. R. Civ. P. 23 advisory committee's note. One of those valid reasons, the Note provides, is that "*the party opposing the class [i.e., the*

---

[3] In Katz, for example, the defendant not only agreed to a pre-certification merits ruling, but, in fact, sought it over the plaintiff's objection. 496 F.2d at 750, 757–58. There, the plaintiff moved for class certification, and the defendant opposed certification on the grounds that a pre-certification merits ruling on the plaintiff's individual claim was "superior" (in the Rule 23(b)(3) sense) to deciding the case as a class action. Id. at 758–59. The district court rejected this argument and certified the class, concluding that a pre-certification merits ruling would violate the rule against one-way intervention. Id. But the Third Circuit reversed, holding that the district court should have considered whether to decide the case on the merits before certification, because the defendant was willing to waive its protection against one-way intervention. Id. at 759.

*defendant]* may prefer to win dismissal or summary judgment as to the individual plaintiffs without certification and without binding the class that might have been certified." Id. (emphasis added).

But what about a *plaintiff*—like the Plaintiff here—who prefers to litigate summary judgment as to her individual claim before certification? While the Note does not address that question directly, it makes clear that the purpose of the 2003 Amendments was not to "restore the practice of one-way intervention that was rejected by the 1966 revision." Fed. R. Civ. P. 23 advisory committee's note. Thus, as one district court has observed, Rule 23 "still disfavor[s] one-way intervention" and counsels against a court "rul[ing] on motions that encroach on the merits of a final decision before class certification." Wallace B. Roderick Revocable Living Tr. v. XTO Energy, Inc., No. 08-cv-1330, 2015 WL 790081, at *2 (D. Kan. Feb. 25, 2015) (staying decision on plaintiff's partial summary judgment motion pending a decision on class certification).

### B. Application to Plaintiff's Motion for Partial Summary Judgment

In light of the above history of Rule 23(c)(1)(A), and the rule against one-way intervention it embodies, it would be inappropriate to decide Plaintiff's motion for partial summary judgment— over Defendant's objection—before deciding whether to certify a class.

Plaintiff's motion implicates the rule against one-way intervention, because it requests a pre-certification ruling on the merits of Plaintiff's individual declaratory judgment claim, seeking a declaration of coverage notwithstanding the household exclusion in the policy issued by Defendant. This ruling would undoubtedly impact, if not fully resolve, the merits of the class claims, which likewise seek a declaration of coverage (as well as monetary damages) on behalf of those insureds who have been denied benefits based on the Defendant's household exclusion. Because a decision on Plaintiff's motion will impact the merits of Plaintiff's class claims,

Defendant is "entitled" to have a ruling on the merits motion deferred until after class certification, so that the currently-absent class members will also be bound. Katz, 496 F.2d at 762.

Plaintiff argues that the rule against one-way intervention is not implicated here for three reasons. For the following reasons, I find none is persuasive.

First, Plaintiff contends that her motion does not implicate the rule against one-way intervention because it does not seek a "final judgment on the merits," but, rather, would "only adjudicate the validity of the household exclusion as it pertains to the Plaintiff," leaving "a myriad of other issues . . . for consideration before a final judgment would be entered." (Pl.'s Opp'n 3.) Yet, Plaintiff does not identify any of those other issues. Moreover, Plaintiff cites no binding authority holding that the rule against one-way intervention is implicated *only* when a plaintiff seeks a pre-certification *final judgment*. And the Supreme Court has suggested otherwise, noting that, without a rule against one-way intervention, absent class members could await "developments in the trial," such as the presentation of "evidence at the trial ma[king] their prospective position as actual class members appear weak." Am. Pipe & Const. Co., 414 U.S. at 547. If only pre-certification final judgments implicated the rule against one-way intervention, there would be no concern with delaying certification until after "developments in the trial" such as the presentation of unfavorable evidence. Id. But that is one of the very concerns the 1966 Amendments to Rule 23 sought to address.

The rule against one-way intervention is implicated whenever a plaintiff seeks a ruling on an issue relevant to the merits of the class claims. See, e.g., Diva Limousine, Ltd. v. Uber Techs., Inc., No. 18-cv-5546, 2019 WL 2548459, at *13–14 (N.D. Cal. June 20, 2019) (rejecting as "meritless" the plaintiff's argument "that one-way intervention only becomes a problem when a plaintiff seeks a final judgment on the merits prior to class certification," and explaining that "[a]

merits ruling, even if not a final judgment, can still affect putative class members' decisions whether or not to opt in"). Because Plaintiff's motion undoubtably seeks a ruling as to some—if not all—of the issues relevant to the merits of the class claims, the motion implicates the rule against one-way intervention.[4]

Plaintiff also argues that one-way intervention is not implicated because she seeks summary judgment only as to her individual claim for *declaratory*—not *monetary*—relief. Plaintiff explains that a class claim for declaratory relief can be certified under Rule 23(b)(2), which—unlike Rule 23(b)(3)—does not require that class members be provided notice of the class action and an opportunity to opt out. Plaintiff argues that, because the class members will therefore not be able to opt out of the claim for declaratory relief, the concern behind the rule against one-way intervention—that potential class members will sit on the sidelines waiting to see if the merits ruling will be favorable before deciding whether to opt out—is not present here.

This argument is unpersuasive for two separate reasons. First, while Plaintiff is currently seeking summary judgment only as to her claim for declaratory relief, her Class Action Complaint also includes a class claim for monetary relief. Certifying that claim under Rule 23(b)(3) *will* require that class members be given an opportunity to opt out. And because a ruling on Plaintiff's individual declaratory judgment claim will undoubtedly resolve many of the same issues presented by the class claim for monetary relief, ruling on that motion now—before certification—will allow

_____

[4] In a case cited by Plaintiff, the United States District Court for the Southern District of Florida suggested, as Plaintiff argues here, that one-way intervention is only implicated where the plaintiff seeks a "final judgment" before certification. See Reyes v. BCA Financial Services, Inc., No. 16-cv-24077, 2018 WL 5004864, at *4 (S.D. Fl. Dec. 10, 2018) (holding that a ruling on plaintiff's summary judgment motion before class certification did not "raise a one-way intervention problem" because the ruling did not require "a final judgment on the merits in the case" and "[a]t most, . . . *may* have class-wide implication" (emphasis in original)). But the court in Reyes did not explain how this decision is consistent with the Supreme Court's description of one-way intervention in American Pipe, as discussed above. Accordingly, I do not find Reyes persuasive.

the potential class members to decide whether to opt out of the claim for monetary relief based on that ruling.

Another district court faced with the same declaratory relief argument persuasively explained that, notwithstanding this attempted distinction, the one-way intervention problem remains. In Centeno v. Quigley, No. 14-cv-200, 2015 WL 432537, at *3 (W.D. Wash. Feb. 2, 2015), the plaintiffs argued that one-way intervention was inapplicable to a motion seeking summary judgment only on a claim for declaratory relief. The court disagreed, because the plaintiffs were "eventually seeking a Rule [23](b)(3) class for adjudication of their class-wide claims for [monetary] damages," explaining that "summary judgment on [the p]laintiffs' request for declaratory relief would be a favorable adjudication on the merits of a central component of the claim for class-wide relief." Id. Thus, the court concluded, "the one-way intervention rule applie[d]." Id. As in Centeno, a ruling in the case before me on the merits of Plaintiff's individual claim for declaratory relief will undoubtedly resolve issues relevant to the merits of Plaintiff's class claim for monetary relief.

But even if Plaintiff's Class Action Complaint only sought declaratory relief—and thus would not require that class members be provided notice and an opportunity to opt out—the rule against one-way intervention would still counsel against deciding Plaintiff's partial summary judgment motion before certification. It is true, as Plaintiff points out, that some courts outside the Third Circuit have declined to apply the prohibition on one-way intervention to Rule 23(b)(2) class certifications, in which class members may not opt out and therefore make no decision about whether to intervene. See, e.g., Gooch v. Life Investors Ins. Co. of Am., 672 F.3d 402, 433 (6th Cir. 2012). But as the United States District Court for the Northern District of California persuasively reasoned in rejecting this conclusion, a pre-certification merits ruling in a putative

class action for declaratory relief is still unfair to the defendant, because while the class members may not be able to opt out, "the named plaintiff[] can still hedge [her] bets *by opting not to seek class certification* if [she] receive[s] an unfavorable pre-certification merits ruling." <u>Diva Limousine</u>, 2019 WL 2548459, at \*14 (emphasis added).

That same concern is present here. If I rule on Plaintiff's partial summary judgment motion before certification, and that ruling favors Plaintiff, Plaintiff could then move for certification knowing that the class members will be able to take advantage of that favorable ruling. But if I were to deny Plaintiff's motion for summary judgment, that unfavorable decision will not bind the currently-absent class members, and Plaintiff could simply decide not to pursue class certification, allowing other members of the class to try again by filing their own lawsuits. That is the possibility that the rule against one-way intervention seeks to prevent.

Third and finally, Plaintiff suggests that the rule against one-way intervention need not be observed here, because the 2003 Amendments to Rule 23 provide a district court with the discretion to make pre-certification merits rulings when doing so would "further judicial economy and efficiency." (Pl.'s Opp'n 6.) While it is true that the 2003 Amendments were meant to provide district courts greater flexibility in light of the "many *valid* reasons that may justify deferring the initial certification decision"—such as when a defendant has waived its protection against one-way intervention—it is clear that the 2003 Amendments did not eliminate that protection altogether. Fed. R. Civ. P. 23 advisory committee note (emphasis added) (explaining that the 2003 Amendments were not intended to "restore the practice of one-way intervention that was rejected by the 1966 revision").[5] Here, where the Defendant insists on the protection against one-way intervention, there must, at the very least, be some "valid reason" to override that protection.

---

[5] Many of the post-2003 authorities that Plaintiff cites are not to the contrary, standing merely for the proposition that a defendant can waive its protection against one-way intervention. <u>See</u> <u>Taha v. Cnty. of</u>

Plaintiff offers no such reason here, asserting only that a pre-certification decision on her partial summary judgment motion will promote the interests of "judicial economy and efficiency." But even if the general interests in judicial economy and efficiency were enough to overcome Defendant's protection against one-way intervention, Plaintiff does not explain how those interests would be best served here by a pre-certification merits ruling. If I make a pre-certification merits ruling favorable to Plaintiff, she will undoubtedly proceed to seek class certification. On the other hand, if my ruling were to be unfavorable to Plaintiff, she may decide not to seek class certification—obviating the need for a certification decision. But that would still not preclude another member of the putative class from initiating his or her own lawsuit against Defendant to seek a better result. That process would not serve the interests of judicial economy and efficiency, and is, more importantly, the unfair circumstance that the rule against one-way intervention seeks to prevent.

## III.   **CONCLUSION**

For the reasons set forth above, I will deny Plaintiff's motion for partial summary judgment without prejudice, pending a decision on class certification.

An appropriate Order follows.

---

Bucks, 862 F.3d 292, 298–300 (3d Cir. 2017) (holding that the defendants had waived their one-way intervention argument on appeal by failing to raise it in the district court); In re Forson, 583 B.R. 704, 711 (Bankr. S.D. Ohio 2018) (rejecting a one-way intervention argument because the defendant had "implicitly waived its right" to have certification decided before summary judgment by failing to object to the proposed case management plan that provided for that order of rulings "for over a year" after the court approved it).

Other post-2003 authorities cited by Plaintiff are unpersuasive because they do not address the distinction between merits rulings sought by *plaintiffs* (which implicate the rule against one-way intervention) and those sought by *defendants* (which do not). See Bowers v. Windstream Ky. E., LLC, No. 09-cv-440, 2012 WL 216616, at *1 (W.D. Ky. Jan. 24, 2012) (asserting only that "[t]he Sixth Circuit has consistently held that a district court is not required to rule on a motion for class certification before ruling on the merits of a case" (internal quotation marks omitted)); Barbara J. Rothstein & Thomas E. Willging, Managing Class Action Litigation: A Pocket Guide for Judges 9 (3d ed. 2010) (advising district courts that Rule 23, as amended in 2003, "allows you to rule on motions to dismiss or for summary judgment before addressing class certification").